IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY RICHARD MILLER, JR.,**       )
                                      )
             Plaintiff,       )
                                      )
v.                                    )       **Civil No. 12-262-GPM**
                                      )
**S.A. GODINEZ, RANDY J. DAVIS,**    )
**DONALD GAETZ, UNKNOWN PARTY #1,** )
**INTERNAL AFFAIRS, CHRISTINE**       )
**BROWN, ANGEL RECTOR,**             )
**C/O BELTZ,**                        )
                                      )
                                      )
             Defendants.       )

## MEMORANDUM and ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this lawsuit allegedly occurred at Pinckneyville Correctional Center. In his amended complaint, **Doc. 19**, Plaintiff alleges that he has a number of health problems, and, when he arrived at Pinckneyville on August 31, 2011, he was taking a number of medications and he had a CPAP machine. Defendant Angel Rector changed the dosage of one of his medications, which caused him to have various physical problems. Although the amended complaint is less than clear, it appears that Plaintiff alleges that he informed Defendant Rector that he was having problems, but she ignored his requests for help. Defendant C/O Beltz refused him access to medical care when he was having symptoms related to his blood pressure. Unknown Defendant #1 also refused his request for medical treatment on another day when he was

1

having symptoms.  Defendant "Internal Affairs" confiscated and damaged his CPAP machine, and Angel Rector would not authorize replacement of the damaged parts.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal claim against Defendants Angel Rector, C/O Beltz and Unknown Party #1 for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.  He has not, however, stated a claim against Christine Brown, as his only allegation as to her is that she denied his grievances about his medical care. A prison inmate has no constitutional right to have his grievance addressed.  **See,** ***Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).**   The allegation that Christine Brown  ignored or failed to act on his complaints does not state a colorable federal claim. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."  ***George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007).**  Further, Plaintiff's only allegations as to S.A. Godinez, Randy J. Davis and Donald Gaetz are that they are responsible for the actions and inactions of the employees under them.  Such a claim of supervisory liability cannot be brought in this case because "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " ***Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001),** ***quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)**.  Personal involvement is a prerequisite for individual liability in a Section 1983 action; a defendant must have caused or participated in an alleged constitutional deprivation to incur liability. ***Kuhn v. Goodlow*, 678 F.3d 552, 555-556 (7th Cir. 2012).**  Supervisors who are simply negligent in failing to detect and

prevent subordinate misconduct are not "personally involved" so as to incur liability. Rather,"supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference."  **Morfin v. City of East Chicago, 349 F.3d 989, 1001 (7ᵗʰ Cir. 2003) (quoting Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir.1988).**

Lastly, Plaintiff's allegations that "Internal Affairs" confiscated and damaged his CPAP machine do not state a claim that is cognizable here.  First, "Internal Affairs" is not an entity that can be sued under §1983.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." **Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).  See also Wynn v. Southward, 251 F.3d 588, 592 (7ᵗʰ Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); Billman v. Indiana Department of Corrections, 56 F.3d 785, 788 (7ᵗʰ Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); Hughes v. Joliet Correctional Center, 931 F.2d 425, 427 (7ᵗʰ Cir. 1991) (same); Santiago v. Lane, 894 F.2d 218, 220 n. 3 (7ᵗʰ Cir. 1990) (same).**  Even if plaintiff had named the individual or individuals responsible for confiscating and damaging his property, the claim could not proceed in this Court.  The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.  **Hudson v. Palmer, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy)**.  The Seventh Circuit has

3

found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. ***Murdock v. Washington***, **193 F.3d 510, 513 (7th Cir. 1999);** ***Stewart v. McGinnis***, **5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).**

**Disposition**

In summary, Defendants **S.A. GODINEZ, RANDY J. DAVIS, DONALD GAETZ, INTERNAL AFFAIRS, and CHRISTINE BROWN** are **DISMISSED** from this action with prejudice. The claim for damages arising out of the confiscation of and damage to Plaintiff's CPAP machine is dismissed without prejudice. The action proceeds against Defendants **ANGEL RECTOR, C/O BELTZ AND UNKNOWN PARTY #1** on Plaintiff's claim for deliberate indifference to his serious medical needs..

The Clerk of Court shall prepare for Defendants **ANGEL RECTOR and C/O BELTZ** : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants **UNKNOWN PARTY #1** until such time as Plaintiff has identified him by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 20, 2012.**

<u>s/ G. Patrick Murphy</u>
**G. PATRICK MURPHY**
**United States District Judge**