IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY RICHARD MILLER, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-cv-262-JPG-DGW |
| ANGEL RECTOR and C/O BELTZ, | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Voluntarily Dismiss (entitled "Declaration of Cause Termination") filed by Plaintiff, Jerry Richard Miller, Jr., on February 26, 2013 (Doc. 77) and the Motion for Postponement of All Proceedings filed by Plaintiff on September 30, 2013 (Doc. 121). Both Motions are **DENIED**.

### INTRODUCTION

On February 26, 2013, Plaintiff filed a "Declaration of Cause Termination" (Doc. 77). In this document, Plaintiff "request[s] this Honorable Court to bring this case to conclusion." In particular, Plaintiff outlines the difficulties he has faced attempting to litigate this action (because of his incarceration, poverty, and mental condition) and he accuses Defendants and the Illinois Department of Corrections of frustrating this litigation and his attempts to seek a remedy. In concluding, Plaintiff states that:

> They have discouraged me from this case, my mental state of mind over officials actions of unjustice is stressful, I want to live, I deserve to live, and I want and need to get healthy again, and make it back to my 12 year old little daughter. I cannot continue in this litigation in my condition. [sic] (Doc. 77, p. 2).

Defendants did not file any document in response to this declaration. Instead, Defendant Beltz

filed a Motion for Summary Judgment on the issue of exhaustion (Doc. 80) which the undersigned Judge addressed in a Report and Recommendation issued after a hearing which was held on May 22, 2013 (Docs. 97 and 100). At that hearing, none of the parties discussed Plaintiff's declaration (Doc. 77), and the Court did not address whether this matter should be dismissed in light of Plaintiff's request and statements. Instead, Plaintiff actively participated in the *Pavey* Hearing, providing testimony on the grievances that he filed as to Defendant Beltz.

On September 12, 2013, this Court, after recognizing the import of Plaintiff's February 26, 2013 Declaration, construed it as a Motion to Voluntarily Dismiss pursuant to Federal Rule of Civil Procedure 41(a) (Doc. 119). The parties were granted until September 30, 2013 to indicate why this matter should not be dismissed on Plaintiff's Motion. On September 12, 2013, the District Court also granted summary judgment in favor of Defendant Beltz and against Plaintiff (on the issue of exhaustion of administrative remedies). The only remaining Defendant, then, is Angel Rector.

No party responded to this Court's September 12, 2013. Instead, Plaintiff filed a "Motion for Postponement of all Proceedings on September 30, 2013 (Doc. 121). In this Motion, Plaintiff states that he is "going through psychological disturbances" as a result of actions of various persons, including this Court, and that his efforts to litigate this action have been hampered by a variety of people, again, including this Court. He further claim that physical problems make him unable to walk to the law library, that he cannot proceed further without counsel, that Defendants are not complying with Court's Orders, and that his legal mail is being opened by prison authorities. In concluding, Plaintiff "prayfully request this honorable court to postpone all proceedings in this case until plaintiff recovers from surgery and further searches for counsel to represent him . . ." (Doc. 121, p. 4).

Plaintiff's requests for counsel have been denied, without prejudice, on April 10, 2012 Doc. 14) and December 17, 2012 (Doc. 61). In the December 17, 2012 Order, Plaintiff was informed that if he experienced difficulty in conducting discovery or prosecuting this matter that he may seek appointment of counsel again. Since that time, Plaintiff has filed Motions with the Court exhibiting his knowledge of the Federal Rules of Civil Procedure, his ability to seek relief from the Court, and his ability to respond to the arguments made by Defendant. These pleadings, however, are oftentimes rambling and seek relief that cannot be granted.

In addition to the foregoing, Plaintiff was assessed an initial filing fee of $0.42 on April 10, 2012 pursuant to 28 U.S.C. § 1915(b) (Doc. 13). As of the date of this Order, no payment has been made towards that initial filing fee.

### DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In his February 26, 2013 "Declaration of Cause Termination," Plaintiff requests that this matter be dismissed because of his inability to prosecute this action due to perceived interference from Defendants and this Court. Since that time, however, Plaintiff has prosecuted this matter and is actively participating in this lawsuit. Therefore, this Court will not recommend that this matter be dismissed.

However, it appears that Plaintiff no longer is capable of litigating this matter without counsel. To that end, counsel will be recruited by separate Order. The discovery and dispositive motion filing deadlines in this case have now expired. Therefore, counsel will be recruited for the purposes of trial only.

Finally, as indicate above, Plaintiff was directed to pay and initial filing feel of $0.42. As

of the date of this Order, not such filing fee has been paid. Plaintiff is ORDERED to pay the initial filing fee by January 31, 2014 or risk a report and recommendation that this matter be dismissed for failure to comply with the Orders of the Court.

## CONCLUSION

For the reasons set forth above, the Motion to Voluntarily Dismiss (entitled "Declaration of Cause Termination") filed by Plaintiff, Jerry Richard Miller, Jr., on February 26, 2013 (Doc. 77) is **DENIED** and the Motion for Postponement of All Proceedings filed by Plaintiff on September 30, 2013 (Doc. 121) is **DENIED**. Plaintiff to pay initial filing fee by **January 31, 2014**. Counsel to be appointed by separate docket entry.

**DATED: December 17, 2013**

**DONALD G. WILKERSON
United States Magistrate Judge**